

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

Connecticut Financial Center   (203)821-3700
157 Church Street
New Haven, Connecticut 06510   Fax (203) 773-5376

Brian E. Spears, Esq.
Levett Rockwood, P.C.
33 Riverside Ave
Westport, Connecticut 06880

July 12, 2007

>   Re:   **United States v. Edgardo Mercurio**
>         **Criminal No. 3:07CR134(JBA)(D. Conn.)**
>         **07-60147-CR-Zlock/Snow (S.D. Fla.)**
>         **CR 07-496 (E.D.N.Y.)**
>         **Crim. No. 2007/43(U.S.V.I.)**

Dear Attorney Spears:

This letter confirms the plea agreement entered into between your client, Edgardo Mercurio (the "defendant"), and the United States Attorney's Offices for the Districts of Connecticut, Eastern District of New York, Southern District of Florida, the District of the Virgin Islands, and the Environmental Crimes Section of the Department of Justice (the "Government"), concerning the above-referenced criminal cases. It is understood and agreed that, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, each of these criminal cases will be transferred to the District of Connecticut for plea and sentencing before Judge Janet B. Arterton, to whom the Connecticut case is assigned. It is further understood and agreed that the cases will be grouped for sentencing purposes before Judge Arterton.

## THE PLEA AND OFFENSE

Defendant Mercurio agrees to plead guilty in Connecticut to Count Two of the Indictment in the District of Connecticut (3:07CR134(JBA)), Count Two of the Indictment in the Eastern District of New York (CR 07-496), Count Two of the Indictment in the Southern District of Florida (07-60147-CR-Zlock/Snow), and Count Six of the Indictment in the District of the Virgin Islands (Crim. No. 2007/43). Each of these four counts alleges a violation of 33 U.S.C. § 1908(a), Act to Prevent Pollution from Ships (APPS), 33 C.F.R. § 151.25, and 18 U.S.C. § 2. Mercurio understands that to be guilty of a violation of 33 U.S.C. § 1908(a), 33 C.F.R. § 151.25, and 18 U.S.C. § 2 as charged, the following elements must be satisfied:

1

1. The defendant is a person;

2. Who knowingly;

3. Failed, or caused the failure, to maintain an Oil Record Book for an oil tanker ship of 150 gross tons or above; and

4. While subject to APPS oil discharge regulations (i.e. while in the navigable waters or at a port or terminal of the United States).

## THE PENALTIES

A violation of 33 U.S.C. §1908(a), APPS (Oil Record Book), carries a maximum penalty of six (6) years imprisonment. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three (3) years, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of two years (2), with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (I) and § 3612(g).

## THE SENTENCING GUIDELINES

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the

2

defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

2.  Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offenses to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw his pleas of guilty. The defendant expressly understands that he may not withdraw his pleas of guilty if, for the reasons explained above, the Government does not make this recommendation.

3.  Guideline Stipulation

Based on the information to date, the parties calculate that the applicable Sentencing Guideline range is 0-6 months incarceration. The base offense level is six. U.S.S.G. § 2Q1.3(a). The defendant is subject to a two-level enhancement because of his aggravating role. U.S.S.G. § 3B1.1(c). The defendant is subject to an additional two-level enhancement for obstructing justice. U.S.S.G. § 3C1.1. As noted above, he will receive a two-level reduction for the prompt acceptance of responsibility. Accordingly, the offense level is 8. Based on information to date, the defendant is a Criminal History Category I resulting in a Guideline range of 0-6 months' incarceration.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

4.    <u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed the sentencing guidelines range as calculated by the parties above, a three year term of supervised release, and a $250,000.00 fine. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

5.    <u>Information to the Court</u>

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at

sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right To Post-Conviction DNA Testing of Physical Evidence</u>

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the United States Attorney's Offices for the Districts of Connecticut, Eastern District of New York, Southern District of Florida, the District of the Virgin Islands, and the Environmental Crimes Section of the Department of Justice, and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights he may have, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant as a result of his conduct which forms the basis of the indictments in these cases. The remaining counts of each of the Indictments will be dismissed upon completion of sentencing.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement and reinstate all charges against him. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his pleas of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions will be entered into, other than those set forth in this plea agreement, unless set forth in writing and signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY
**DISTRICT OF CONNECTICUT**

*[signature]*

ASSISTANT UNITED STATES ATTORNEY
WILLIAM M. BROWN, JR.

The foregoing plea agreement in the below-referenced cases is approved.

<u>**United States v. Edgardo Mercurio**</u>
**Criminal No. 3:07CR134(JBA)(D. Conn.)**
**07-60147-CR-Zlock/Snow (S.D. Fla.)**
**CR 07-496 (E.D.N.Y.)**
**Crim. No. 2007/43(U.S.V.I.)**

**DEPARTMENT OF JUSTICE**
ENVIRONMENTAL CRIMES SECTION

*/s/ Malinda R. Lawrence*

TRIAL ATTORNEY
MALINDA R. LAWRENCE

The foregoing plea agreement in the below-referenced case is approved.

**United States v. Edgardo Mercurio**
**CR 07-496 (E.D.N.Y.)**

**EASTERN DISTRICT OF NEW YORK**

*[signature]*

ASSISTANT UNITED STATES ATTORNEY
TARYN MERKL

The foregoing plea agreement in the below-referenced case is approved.

<u>**United States v. Edgardo Mercurio**</u>
**07-60147-CR-Zlock/Snow (S.D. Fla.)**

**SOUTHERN DISTRICT OF FLORIDA**

*[signature]*

ASSISTANT UNITED STATES ATTORNEY
THOMAS WATTS-FITZGERALD

The foregoing plea agreement in the below-referenced case is approved.

<u>United States v. Edgardo Mercurio</u>
Crim. No. 2007/43(U.S.V.I.)

**DISTRICT OF THE VIRGIN ISLANDS**

*[signature: Paul A. Murphy]*

FIRST ASSISTANT U.S. ATTORNEY
PAUL MURPHY

The defendant certifies that he has read this plea agreement letter or has had it read or translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

_____          07/12/07
EDGARDO MERCURIO                          Date
The Defendant


I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____          7/12/07
BRIAN E. SPEARS, ESQ.                     Date
Attorney for the Defendant